Mr. Justice Wylie
delivered the opinion of the court :
The defendant, a married woman, was owner of an undivided interest in certain real estate in the city of New York. She united with three of the other owners in purchasing the remaining fourth interest, and in giving their joint and several bond for the purchase-money, five thousand dollars.
The purchase-money was not paid, and an action upon the bond has been brought against her alone in this District.
Her counsel have filed a general demurrer to the declaration, so that we have no information as to any facts, except such as appear upon its face. The declaration avers that she was a married woman at the time of entering into the contract; but it contains no averment of the place where the bond was executed, or of the statute which might have authorized her to make the bond. It may be presumed, however, that she is a resident of this District, because she has been sued here, and there is no contrary averment but that the bond was executed in New York, because it relates to a transaction in that city. But of the statutes of New York *539 bearing upon the questions involved in the controversy we have no judicial knowledge, nor does the declaration contain any averment as to their character.
The declaration is in the common form of debt upon bond, where the action is for the recovery of a personal judgment against the defendant, except only the statement that she is a married woman. We are of opinion, however, that the questions arising on this demurrer must be determined according to the laws of this District; so that the omission of the pleader to aver and set out the statute of New York in his declaration, does no injury in his case. If Mrs. Hyatt, being a married woman, resident in this jurisdiction, had no power, according to our laws, to bind herself by the contract in question, such contract cannot be enforced against her in this court, nor do we see how it could bind her even in the courts of New York. The rule on this subject is thus laid down in Story’s Conflict of Laws, sec. 65: “ That the personal capacity or incapacity attached to a party, by the law of the place of his domicil,is deemed to exist in every other country, (■qualities personam, sient umbra, sequitur,) so long as his domicil remains unchanged, even in relation to transactions in any foreign country, where they might otherwise be obligatory. Thus a minor, a married woman, a prodigal or a spendthrift, a person non compos mentis, or any other person who is deemed incapable of transacting business sui juris in the place of his or her domicil, will he deemed incapable everywhere, not only as to transactions in the place of his or her domicil, but as to transactions in every other place.”
And in section 66a the same author says : “If, by the law of the place of domicil of the husband, a married woman has a capacity to sue or to make a contract, or to ratify an act, her acts so done will he held valid everywhere. On the contrary, if she is deprived of such capacity by the law of the domicil of her husband, that incapacity exists in relation to all the like acts and contracts, even when done in a foreign country, or with reference to property in a foreign country.”
*540 In subsequent sections this doctrine is discussed at great length, and shown to rest upon the soundest principles of reason and public policy, and to be the doctrine not only of the common law, but that also of France and other countries whose systems have been constructed upon the foundations of the civil law. The domicil of the defendant’s husband is her domicil, and the District of Columbia being that domicil, the extent of her capacity to make contracts is to be determined, therefore, by the laws of the District, and not by the laws of New York, although the contract in question relates to property situate in that State.
The common-law disability of a married woman to dispose of her property was, to a great extent, removed by the act of Congress of the 10th of April, 1869, which we now quote at length, from the Revised Statutes relating to the District of Columbia:
“ Section 727. In the District the right of any married woman to any property, personal or real, belonging to her at the time of marriage, or acquired during marriage, in any other way than by gift or conveyance from her husband, shall be as absolute as if she were unmarried, and shall not be subject to the disposal of her husband, nor be liable for his debts.
“ Section 728. Any married woman may convey, devise, and bequeath her property, or any interest therein, in the same manner and with like effect as if she were unmarried.
“ Section 729. Any married woman may contract and sue, and be sued in her own name, in all matters having relation to her sole and separate property, in the same manner as if she were unmarried.
“ Section 730. Neither the husband nor his property shall Be bound by any such contract made by a married woman, nor liable for any recovery against her in any such suit; but judgment may be enforced by execution against her sole and separate estate, in the same manner as if she were unmarried.”
As has been said already, the bond upon which the present action was brought was given by the defendant for the pur *541 chase of real estate in the city of New York. "We are informed extrajndi'cially that by the laws of New York a married woman is allowed to become a sole trader, and is, of course, authorized to make purchases and enter into any contracts necessary or proper to carry on her business. She is, also, expressly authorized to “purchase” property as a femesole without restriction. It is believed that similar laws have been enacted in other States. Our statute has conferred neither of these powers on the married woman.
If she possess power to purchase property during coverture, it must be a power implied from these words in sectiou 727: “ or acquired during marriage in any other way than by gift or conveyance from her husband.”
We think that no such power can be derived from language so general and vague, except by a forced construction of the statute. The statute was evidently framed in this respect, with reference to an existing capacity on the part of married women, according to the common law, to acquire property by descent, by gift, or by devise. No one would contend that these words confer the power on married women in this District to buy and sell as feme-sole traders; and yet this construction would not be more unreasonable than to say that they confer the power to trade in buying and selling real estate.
The statute makes no distinction between real estate and personal property; and if it authorize the married woman to purchase real estate, it confers on her equal authority to buy personal property, and being in possession of this power, she might become a trader in both, and be bound by her contracts, without regard to the question whether she had any property in her own right.
In Green v. Wood, 72 B. Rep., 178, (cited in Dwarris on Statutes, 584,) Lord Denman, Ch. J., said: “It is extremely probable that the alteration suggested would express what the Legislature meant; but we, looking at the words as judges, are no more justified to introduce that meaning than we *542 should be if we added any other provisions. We can do no more than give such meaning as the words authorize.”
In the present ease, we think the words of the statute have given no new rights to the married woman in respect to the means of acquiring property. It makes a very complete settlement of all that she had, and all that she may acquire, to her own sole and separate use, without conferring any new right of acquiring property in her own right. A married woman could always acquire property by gift, either by means of deed or will from others, and that faculty is preserved and made effectual by the statute. The statute may receive a perfectly free and liberal construction, and yet this principle of the common law, which indeed is for her own security and protection, remain as it has been.
This doctrine, however, can have no effect to prevent or interfere with her right to change the investment of her means by selling property and purchasing other property with the proceeds. That is a right which she has always possessed.
Other questions of an interesting character are naturally suggested by the present controversy; but they are not necessarily involved in its determination, and need not, therefore, be considered.
It follows, from the views that have been expressed, that the demurrer should be allowed, and judgment entered for the defendant, with costs.